[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks a finding of an arrearage and contempt under P.B. § 464(a) with respect to the defendant's failure to comply with his obligations to pay certain health-related expenses incurred on behalf of the parties' three minor CT Page 6454-D children, in accordance with a dissolution judgment as modified.
On December 28, 1989, the court, Brennan, S.T.R., rendered a judgment dissolving the parties' marriage. This judgment required the defendant to maintain health insurance for the children and to share equally with the plaintiff any uninsured health costs. On March 26, 1996, the court, Martin, J., modified the judgment ordering the defendant to pay 100% of the health costs incurred when the defendant allowed insurance coverage for the children to lapse as well as his one-half share of any uninsured expenses. On December 23, 1996, the court held an evidentiary hearing on the request for contempt and arrearage findings under § 464(a).
The court finds that reasonable health costs for the children in the amount of $439.60 arose when their health insurance coverage lapsed. The court also finds that one-half of the reasonable health expenses which fell outside the coverage when in effect was $750.74. These sums total $1190.34. The defendant has only paid $75.00 toward these expenses despite the plaintiffs repeated demands for payment, leaving an arrearage of $1115.34.
The defendant was reluctant to make payments because he felt that the documentation forwarded to him by the plaintiff was insufficient to verify the genuineness of some of the costs. However, the defendant conceded that some of the expenses were CT Page 6454-E adequately substantiated. The court finds that the defendant's failure to pay the requested sums constituted a wilful disobedience of Judge Martin's orders. The court orders that the defendant be incarcerated until the arrearage of $1115.34 plus $250.00 in attorney's fees is paid in full, but stays execution of the incarceration until March 30, 1996.
To avoid future disputes of this kind, the court specifies that the defendant must pay directly to the plaintiff one-half of any health-related expenses for the children which are outside health insurance coverage within thirty days of submission to him by the plaintiff of copies of the bills and insurance company payments, if any, on such bills.
Sferrazza, J.